UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SARA DOST,

       Plaintiff,

v.

       Case Number 12-cv-13068
       Honorable Thomas L. Ludington

LISA NEWTON et al.,

       Defendants.
_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Civil litigation in the Anglo-American tradition is fundamentally adversarial. Private parties, not courts, initiate and prosecute the litigation. Sometimes, however, parties do the one but not the other. They begin a case but don't advance it. When this happens, authorities back to Blackstone instruct, the court has the authority to dismiss the case for lack of prosecution. *See generally Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (citing 3 William Blackstone, *Commentaries* 295–96 (1768)). For the reasons that follow, the Court will exercise that authority in this case.

**I**

On July 12, 2012, Plaintiff Sara Dost filed suit in this Court against Defendants Lisa Newton, Star Wood, Patricia Brandt, and Sherry Barnett. The gravamen of Plaintiff's complaint is that Defendants "participated in a scam to defraud Plaintiff out of $95,818.50." Compl. ¶ 1.

Summons for the four defendants were issued on July 12, 2012. On October 2, 2012, a certificate of service was returned on Mses. Wood and Brandt. (To date, no proof of service on Mses. Newton and Barnett has been filed.) Neither Ms. Wood or Brandt appeared or answered. So on November 28, 2012 Plaintiff obtained defaults against Mses. Wood and Brandt.

Two months passed. No further activity occurred on the Court's docket. On January 31, 2013, an order was issued directing Plaintiff to show cause on or before February 19, 2013 why the case should not be dismissed for lack of prosecution.

On February 18, Plaintiff requested the clerk enter default judgment against Ms. Wood in the amount of $3,182.00 plus costs and against Ms. Brandt in the amount of $5,696.00 plus costs.

On February 19, Plaintiff also responded to the order to show cause. The response explained that "Plaintiff has been attempting efforts at locating the remaining Defendants in order to accomplish service of the summons and complaint." Pl.'s Resp. 1. The response further explained that Plaintiff's "counsel plans to seek Plaintiff's authority to file a voluntary dismissal of the unlocated Defendants immediately upon Plaintiff's release from the hospital." *Id*. And the response notes that Plaintiff had requested the entry of default judgment against Mses. Wood and Brandt. *Id*. at 2.

On February 20, Plaintiff's requests for default judgment were denied because neither the complaint nor the affidavits supporting the request had any documentation demonstrating an entitlement to the amount requested.

Two months have passed. Yet since the clerk's denial of the default judgments in February 2013, no further activity in this case has occurred on the Court's docket.

## II

### A

"If a defendant is not served within 120 days after the complaint is filed," Federal Rule of Civil Procedure 4(m) provides, "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service

be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

In this case, more than 120 days passed since the filing of the complaint.  No proof of service on Mses. Newton and Barnett has been filed with the Court.  Plaintiff has not requested an extension of time to serve those defendants.  And she has been cautioned once about the consequences of not prosecuting her case.  The claims against Mses. Newton and Barnett will be dismissed without prejudice.

**B**

As noted, courts possess the inherent authority to dismiss a case for lack of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); *see also Carter v. City of Memphis, Tenn.,* 636 F.2d 159, 161 (6th Cir.1980) ("It is clear that the district court does have the power . . . to enter a sua sponte order of dismissal.").  "The power is of ancient origin," the Supreme Court observes, and "cannot seriously be doubted."  *Link.*, 370 U.S. at 629 (collecting sources).

Here, Plaintiff was cautioned of this in the previous show cause order.  Plaintiff responded by requesting the entry of default judgment against Mses. Wood and Brandt.  That request, however, was denied two months ago.  No further activity in this case has occurred on the Court's docket since.  Put simply, Plaintiff has not prosecuted her case.

The claims against Mses. Wood and Brandt will also be dismissed without prejudice.

**III**

Accordingly, it is **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: April 23, 2013

-4-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 23, 2013

s/Tracy A. Jacobs
TRACY A. JACOBS